IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN BARROS,

    Plaintiff,                          No. 2:11-cv-00006-DAD P

    vs.

M. MINNICK, et al.,

    Defendants.           <u>ORDER</u>

                                  /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). In a screening order filed September 4, 2011, plaintiff's complaint was dismissed with leave to amend. Thereafter, plaintiff was granted a 60-day extension of time to file his amended complaint which is now before the court.

**I. Americans with Disabilities Act (ADA) Claim**

        In his first claim for relief, plaintiff alleges as follows:

> Petitioner has been denied his rights to equal access, as defined by; [sic] <u>Title 42, U.S.C. sec 12102</u>, in being disallowed access to the material of the National Library for the Blind, and Recordings for the Blind and Deslexic [sic], as well as the removal by R.R. and its representatives of the machines and equipment to use aid materials.

The court construes this allegation as attempting to state a claim under the ADA. However,

1

plaintiff has named only individual prison officials as defendants in this action. The ADA does not provide for individual capacity suits against state officials with respect to a discrimination in the provision of public services claim. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Rather, the proper defendant to be named in such a claim under the ADA is the public entity responsible for the alleged discrimination. See 42 U.S.C. § 12132; Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) ("State prisons fall squarely within the statutory definition of "public entity[.]"). Because plaintiff has named only individual defendants with respect to his ADA claim, the court will dismiss the amended complaint with leave to amend.

**II. Due Process Claims**

In his amended complaint plaintiff also presents two due process claims concerning inmate grievances he has filed. First, plaintiff alleges that his due process rights were violated when he submitted an inmate appeal or request for accommodation and did not receive a response from prison officials within the required time. (Doc. No. 17 at 7.) Second, plaintiff challenges the decision that was rendered by prison officials in response to his inmate appeal and asserts that his inmate appeal and the evidence related thereto was not reviewed by prison officials in a fair and unbiased manner. (Id.)

In the court's September 14, 2011 screening order, plaintiff was advised that the Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. (Doc. No. 11 at 8.) Plaintiff was also advised that although prisoners have a right to file grievances, they do not have a liberty interest in how such a grievance is processed by prison officials and have no entitlement to a specific grievance procedure. (Id. at 8-9) (citing Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). The allegations of plaintiff's amended complaint that his inmate appeal was not timely processed and that his inmate grievances were improperly rejected are simply challenges as to how his inmate appeal was processed by prison officials. As such, those allegations fail to state a cognizable due process claim. Moreover, plaintiff's bare allegation that prison officials did not render a fair and

1  unbiased decision in response to his grievance fails to state a cognizable claim.  See Mann v.
2  Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also, e.g., Wright v. Shannon, No. CIV F-05-1485
3  LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison
4  officials denied or ignored his inmate appeals failed to state a cognizable claim under the First
5  Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7
6  (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his
7  inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v.
8  Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009)
9  (plaintiff's allegations that prison officials screened out his inmate appeals without any basis
10 failed to indicate a deprivation of federal rights).[1]  In his second amended complaint, plaintiff
11 should not include these due process claims.

### III.  Clarifying Additional Claims and Naming Defendants

It is unclear from plaintiff's 117-page amended complaint whether plaintiff is attempting to raise claims in addition to those discussed above.  If is attempting to state claims in addition to those brought under the ADA and the Due Process Clause, plaintiff is advised that he must clearly identify those additional claims, provide supporting allegations for them, and refer to the specific constitutional provision that supports each of those additional claims.

In addition, any second amended complaint that plaintiff elects to file must allege in specific terms how each named defendant was involved in the deprivation of his rights.  In his amended complaint plaintiff named several individual defendants but failed to make any factual allegations concerning their involvement in the violation of his rights.  However, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

---

[1] It appears from the bare and conclusory allegations of his amended complaint that because plaintiff disagrees with the decision of prison officials in response to his grievances he has concluded that those decisions must have been unfair and biased.  This is an insufficient basis upon which to rest a cognizable due process claim.

Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**IV. Requirements With Respect to a Second Amended Complaint**

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleadings no longer serve any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is advised to refer to the court's order filed on September 14, 2011, which addressed the court's screening requirement and advice on providing a short and plain statement of plaintiff's claims.  In his 117-page amended complaint, plaintiff included nearly 100 pages of exhibits.  Plaintiff is advised that at this stage of the proceedings, it is not necessary to attach evidence to his second amended complaint.

**Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint;" failure to file a second amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

3. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a civil rights action by a state prisoner.

DATED: December 17, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
barr0006.am2

5