UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BARROS, | No. 2:11-CV-00006 DAD P |
| Plaintiff, | |
| v. | ORDER |
| M. MINNICK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to the Americans with Disabilities Act (ADA) in order to obtain access to audio books from the National Library for the Blind as well as the award of compensatory damages. Now before the court is plaintiff's second amended complaint.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Doc. Nos. 4 & 19.)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] By orders filed September 14, 2011 and December 18, 2012 both plaintiff's original complaint and his amended complaint were dismissed with leave to amend. (ECF Nos. 11 and 21.)

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

In his second amended complaint, plaintiff names as defendants Warden Martel of Mules Creek State Prison, Associate Warden Lonnie Jackson, and correctional sergeant M. Minnick.  In the court's December 18, 2012 order (ECF No. 21 at 1-2) plaintiff was advised that in order to state a cognizable claim under the ADA, he must name as the defendant the public entity responsible for the alleged discrimination and that prison officials in their individual capacity are not proper defendants with respect to such a claim.  See Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187–88 (9th Cir. 2003) (a state official acting in his official capacity may be a proper defendant with respect to a ADA Title II claim seeking injunctive relief); see also Everson v. Leis, 556 F.3d 484, 501 n. 7 (6th Cir.2009); Jones v. Martel, No. Civ. S-09-1208 DAD P, 2011 WL 720066, at *6 (E.D. Cal. Feb. 22, 2011); Caesar v. Horel, 2010 WL 4393894, at *7 (N.D. Cal. Oct. 29, 2010) ("The proper defendants to Plaintiff's disability discrimination claims are the public entities that allegedly denied him equal access to their programs" including the CDCR); Ellington v. Clark, No. 1:09–cv–02141–AWI–DLB PC, 2010 WL 2303333, at *5 (E.D. Cal. June 7, 2010) (because correctional facilities are "public entities" within the meaning of the ADA, the correctional facility, not prison officials or the State of California, is the proper defendant with respect to a plaintiff prisoner's ADA claim).  Nevertheless, in his second amended complaint plaintiff has again failed to name a proper defendant but has instead named as defendants the warden, an associate warden and a correctional sergeant at Mule Creek State Prison.  (See ECF No. 24.)

Plaintiff has attached a number of exhibits to his amended complaint, including inmate appeals and decisions in response thereto.  Plaintiff's own exhibits attached to his amended complaint, however, belie his claim that he has been denied participation in any service or program at Mule Creek State Prison due to his disability.  In this regard, according to plaintiff's inmate appeals, audio books are made available to prisoners held at Mule Creek State Prison and plaintiff may borrow two such audio cassette books at a time.  (ECF No. 24 at 21.)  In their administrative responses to plaintiff's grievances prison officials contend that they attempted to make reasonable accommodation for plaintiff in light of his disability by offering him those audio

cassette books from the prison library but that plaintiff refused this service. (Id.) It appears that plaintiff has been seeking acknowledgement of his right to borrow unlimited audio cassette books from an organization located outside the prison. (Id. at 4.)

In order to proceed with an ADA claim such as the one plaintiff is attempting to allege here, plaintiff must allege and show that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)). See also Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

Here, the allegations of plaintiff's second amended complaint even when taken as true do not demonstrate that he has been excluded from any program or service offered at Mule Creek State Prison based upon his disability. Moreover, plaintiff has not alleged that prisoners who do not suffer from a disability such as his are allowed to borrow books from similar sources located outside the prison walls. See Thompson, 295 F.3d at 895. Having failed to do so, the allegations of plaintiff's complaint fail to suggest any discrimination against plaintiff based on his disability at all as opposed to restrictions similar to those experienced by all prisoners. See Bell v. Wolfish, 441 U.S. 520, 549-52 (1979) (upholding restrictions imposed upon jail inmates from receiving books from outside institutions).

For the reasons explained above, plaintiff's second amended complaint must be dismissed. The court has carefully considered whether plaintiff may further amend his complaint so as to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.1988). See also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that while leave to

1  amend shall be freely given, the court does not have to allow futile amendments).  In light of the
2  deficiencies noted above and plaintiff's inability to successfully amend his complaint with respect
3  to those deficiencies despite being given the opportunity to do so, the court finds that granting
4  plaintiff further leave to amend would be futile.
5     Accordingly, IT IS HEREBY ORDERED that this action is dismissed with prejudice due
6  to plaintiff's failure to state a cognizable claim.
7  Dated:  March 28, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
barr006.fsc